UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| In re<br><br>Creative Technologies, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 24-33934 |

**ORDER GRANTING DEBTOR CREATIVE TECHNOLOGIES, LLC'S EXPEDITED MOTION FOR AN ORDER TO (1) EMPLOY AND RETAIN FORCE TEN PARTNERS, LLC, AND (2) DESIGNATE BRIAN WEISS AS CHIEF RESTRUCTURING OFFICER**

[relates to Docket No. _____]

THIS MATTER having come before the Court upon Debtor Creative Technology, Inc.'s Expedited Motion for an Order to (1) Employ and Retain Force Ten Partners, LLC, and (2) Designate Brian Weiss as Chief Restructuring Officer (the "Motion"); the Court having reviewed the Motion, and the Declaration of Brian Weiss in support thereof; and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that (1) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (2) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (3) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (4) notice of the Motion and the Hearing was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of Debtor, their estate and the creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED that:

1. The Motion is GRANTED.

1

2. In accordance with Bankruptcy Code Section 327(a), Debtor is authorized to retain and employ Force Ten Partners, LLC ("Force 10") in accordance with the terms and conditions of the Retention Agreement to provide Debtor with Mr. Weiss as Debtor's Chief Restructuring Officer and with Restructuring Advisory Personnel to perform the services described in the Motion and in accordance with the Retention Agreement, effective as of October 14, 2024, subject to the following terms, which apply notwithstanding anything in the Motion or any exhibits related thereto (including, but not limited to, the Retention Agreement) to the contrary:

    a. Force 10 and its affiliates shall not act in any other capacity (e.g., without limitation, as claims agent/claims administrator, financial advisor, or investor/acquirer) in connection with these Cases.

    b. In the event Debtor seeks to have Force 10 personnel assume executive officer positions that are different than the positions disclosed in the Motion, or to materially change the terms of the Retention Agreement, by either (i) modifying the functions of the personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the Retention Agreement, a motion to modify the retention shall be filed.

    c. No principal, employee or independent contractor of Force 10 or its affiliates shall serve as a director of Debtor during the pendency of these Cases.

    d. For a period of three years after the conclusion of the engagement, neither Force 10 nor any of its affiliates shall make any investments in Debtor or Reorganized Debtor.

    e. Debtor may indemnify those persons, and only those persons, serving as executive officers on the same terms as provided to Debtor's other officers and directors under

Debtor's corporate bylaws and applicable state law, along with insurance coverage under Debtor's D&O policies.

       3.       To the extent this Order is inconsistent with the Retention Agreement, the terms of this Order shall govern.

       4.       Force 10's compensation shall be subject to Court approval in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, or as otherwise provided by Court order.

SIGNED _____, 2024.

_____
**UNITED STATES BANKRUPTCY JUDGE**