UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Chapter 11 |
| Refreshing USA, LLC,[1] | Case No. 24-01863-11 |
| Debtors. | (Jointly Administered) |

## GLOBAL NOTES TO THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors in possession (each, a "Debtor," and collectively, the "Debtors") are filing their respective Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements," and together with the Schedules, collectively, the "Schedules and Statements") in the United States Bankruptcy Court for the Eastern District of Washington (the "Court"). The Debtors, with the assistance of their professional advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These notes pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements. These notes should be referred to as part of, and reviewed in connection with, the Schedules and Statements.[2]

The Debtors have used commercially reasonable efforts to ensure the accuracy and completeness of the information and data used in preparing the Schedules and Statements. As discussed further below, because of pre- and post-petition employee turnover and layoffs, the Debtors have experienced difficulties in obtaining and verifying certain information in the Debtors book and records and, as a result, the information contained within the Schedules and Statements may include inadvertent errors, omissions or inaccuracies. The Debtors and their advisors continue in their efforts to obtain and verify all information and data required for these Schedules and Statements, and therefore reserve all rights to amend or supplement the Schedules and Statements as may be necessary and appropriate.

---

[1] The Debtors and debtors-in-possession in these Chapter 11 cases ("Bankruptcy Case(s)"), along with their respective Employer Identification Numbers, are as follows: Refreshing USA, LLC (85-3358945) ("Refreshing"), Case No. 24-01863-11; Water Station Management LLC (81-1202716) ("Water Station"), Case No. 24-01864-11; and Creative Technologies, LLC (46-2581888) ("Creative" and, together with Refreshing and Water Station, "Debtors"), Case No. 24-01866-11. Debtors' mailing address is: 2732 Grand Ave., Ste. 122, Everett, WA 98201.

[2] These notes are in addition to any specific notes that may be contained in each of the Schedules or Statements. The fact that the Debtors have prepared a general note herein with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such general note to the Debtors' remaining Schedules and Statements, as appropriate.

**Basis of Presentation**. The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP") and are not intended to be fully reconciled with any financial statements or other reporting of the Debtors.

**"As of" Information Date**. Unless otherwise indicated herein or in the Schedules and Statements, all financial information for Refreshing and Water Station in the Schedules and Statements and these notes is provided as of October 2, 2024, or as close thereto as reasonably practicable under the circumstances. Unless otherwise indicated herein or in the Schedules and Statements, all financial information for Creative in the Schedules and Statements and these notes is provided as of October 23, 2024, or as close thereto as reasonably practicable under the circumstances. October 2, 2024, and October 23, 2024, are collectively referred to herein as the "Petition Dates".

**Available Information**. In preparing the Schedules and Statements, the Debtors relied upon information from their books and records available at the time of such preparation and upon the knowledge and belief of the Debtors or their agents where appropriate. The Debtors are aware that those books and records have not been recently maintained due to various operational and liquidity issues, employee layoffs, and employee turnover; however, they have made reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements. For these reasons, inadvertent omissions or inaccuracies may exist in the Schedules and Statements, and the receipt or discovery of subsequent information may result in material changes to the Schedules and Statements.

The Debtors include three entities that are part of a larger grouping of over 40 privately owned and related companies that are under some or all common control. The Debtors have made reasonable efforts to schedule all assets and liabilities which they reasonably believe they either own or owe outright, or otherwise may plausibly have a claim to ownership or may be subject to a claim of owing. Efforts to confirm the validity of all such claims remain ongoing and may result in material changes to the Schedules and Statements.

The Debtors, and their employees, officers, agents, advisors and attorneys, do not guarantee or warrant the accuracy or completeness of the data that is provided herein. The Debtors, on behalf of themselves and their employees, officers, agents, advisors, attorneys, disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements, and reserve all rights with respect thereto. The Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements from time to time, in all respects, as may be necessary and appropriate. Notwithstanding the foregoing, the Debtors and their officers, agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as expressly required by the Bankruptcy Code.

**Summary of Significant Reporting Policies**. The following is a summary of certain significant reporting policies:

a. **Valuation**. It would be prohibitively expensive and unduly burdensome for the Debtors to obtain current market valuations of their assets. The Debtors do not have current market valuations of their equipment or estate assets. Accordingly, unless otherwise indicated herein or in the Schedules and Statements, the Schedules and Statements reflect the net book values (cost less accumulated depreciation and/or amortization), rather than current market values, of the Debtors' assets as of the Petition Date (unless another date is indicated herein or in the Schedules and Statements) and may not reflect the net realizable value. Book values of assets prepared in accordance with GAAP generally do not, and any estimates may not, reflect the current market value of the assets and may differ materially from the actual value of the underlying assets. Accordingly, nothing in the Schedules or Statements is or shall be deemed to be an admission with respect to such values. The Debtors reserve the right to amend such values or estimates to reflect changes in underlying assumptions or the receipt of additional information.

b. **Estimates and Assumptions**. Because of the timing of the filings, the Debtors were required to make certain estimates and assumptions that may have affected the reported amounts of these assets and liabilities. Actual amounts may materially differ from those estimates. The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in its estimates and assumptions.

c. **Payables, Credits and Adjustments**. Claims of creditors are listed in the amounts recorded on the Debtors' books and records, based on invoices received and other relevant documentation from or contracts with such creditors. These amounts may not reflect certain credits, set-offs, allowances, or other adjustments due from such creditors.

d. **Leases**. Nothing in the Schedules and Statements is, or shall be construed as, an admission as to the determination of the legal status of any lease, including, without limitation, whether any lease is a true lease or a financing arrangement, and whether such lease is unexpired.

e. **Excluded Assets and Liabilities.** The Debtors have excluded rejection damages claims of counterparties to executory contracts and unexpired leases that may (or may not) be rejected. In addition, certain immaterial assets and liabilities may have been excluded.

f. **Executory Contracts and Unexpired Leases**. Executory contracts and unexpired leases which the Debtors have been able to identify are set forth on Schedule G and are incorporated into Schedule A/B as applicable. The Schedules and Statements do not reflect any claims or estimates for future contract rejection damages.

g. **Intellectual Property Rights.** Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been

terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a license or other transaction. The Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

      h.    **Causes of Action.** Despite efforts to identify all known assets, the Debtors may not have listed all their causes of action or potential causes of action against insiders and third parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertible directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law they may have, and neither these notes nor the Schedules and Statements shall be deemed a waiver of any such claims or causes of action or in any way prejudice or impair the assertion of such claims or causes of action.

      i.    **Fiscal Year.** The Debtors' fiscal year ends on December 31st of each year.

      j.    **Confidentiality.** There may be instances within the Schedules and Statements where names and/or addresses have been redacted or left blank out of concerns for confidentiality or privacy of individuals, including without limitation employee addresses. To the extent that certain addresses are withheld, the Debtors will make such addresses available upon reasonable request subject to any applicable law.

**Unknown or Undetermined Amounts**. Where a description of an amount is left blank or listed as "unknown" or "undetermined," such response is not intended to reflect upon the materiality of such amount.

**503(b)(9) Claims**. The liabilities listed on the Schedules and Statements do not reflect any analysis of any claims under section 503(b)(9) of the Bankruptcy Code.

**Signature**. The Schedules and Statements are signed by Brian S. Weiss, Chief Restructuring Officer for the Debtors and an authorized signatory of the Debtors. In reviewing and signing the Statements and Schedules, Mr. Weiss has relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors. Mr. Weiss has not (and could not have) personally verified the accuracy of each statement and representation contained in the Statements and Schedules, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

**Reservation of Rights**. The Debtors reserve all rights to (i) amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including,

without limitation, the right to amend the Schedules and Statements with respect to any claim description or designation; (ii) dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; (iii) subsequently designate any claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any claim. Listing a claim does not constitute an admission of liability by the Debtors against which the claim is listed. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases, including without limitation issues involving claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in these notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements except as may be required by the Bankruptcy Code or otherwise ordered by the Court.

**Global Notes Control.** In the event that the Schedules or Statements differ from any of the foregoing notes, these notes shall control.

## NOTES FOR SCHEDULES OF ASSETS AND LIABILITIES

**Schedule A/B – Assets – Cash and Cash Equivalents**. With the exception of one bank account controlled by the Receiver appointed pre-petition for these Debtors, it is understood that all bank accounts open in the name of these Debtors at some point prior to the Petition Dates were closed or otherwise overdrawn in advance of the Petition Dates. For this reason, only the one account controlled by the Receiver, held in the name of Creative, is shown on Schedule A/B, Item 3. All other bank accounts that are believed to have been open in the name of these Debtors prior to the Petition Dates are shown on Statement 18 with estimated account closure dates.

**Schedule A/B – Assets – Accounts Receivable**. The majority of the accounts receivable recorded in the Debtors' books as of the Petition Dates are significantly aged, well in excess of 90 days in many instances, and may therefore be largely uncollectible. Accordingly, the accounts receivable have been reserved for in the Schedules.

**Schedule A/B – Assets – Inventory**. The Debtors inventory consist primarily of water stations and related parts, and vending machines and related parts. The Debtors do not have detailed inventory records to provide support for the amounts included in Finished Goods and Other items recorded in their books as of the Petition Date, and it is not known if or when any inventory counts were conducted. The Debtors have retained an asset recovery firm to assist with identifying the Debtors' inventory. Pending more current data becoming available, these amounts remain subject to material revision and information related to inventory counts is shown as being "Unknown" both on Schedule A/B, Items 21 and 22 and on Statement 27.

**Schedule A/B – Assets – Real and Personal Property**. All vehicles and other equipment identified on Schedule A/B, Parts 7, 8 and 9 are listed net of depreciation and/or amortization and do not reflect impairment reserves. The Debtors list office equipment and furniture on Schedule A/B, Item 39; vehicles on Schedule A/B, Item 47; and vending machines, water station machines,

5

and warehouse equipment on Schedule A/B, Item 50 in the amounts recorded in their books and records. Detailed lists of vending machines, water station machines, and vehicles, that the Debtors have identified are attached to Schedule A/B, however these lists remain subject to further verification that such assets are owned by the Debtors as opposed to their subsidiaries, affiliated entities, related entities, or a third party. The Debtors and their estates reserve all rights they may have under applicable law in connection with their asserted real property lease interests.

Schedule A/B, Item 55, lists only those leases that the Debtors have identified to date. Efforts to identify additional leases, for warehouse, office, or other potential locations, remain ongoing.

**Schedule A/B – Assets – Intangibles and Intellectual Property**. Certain intangibles or intellectual property are listed on Schedule A/B, Part 10 with an unknown or undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors. As mentioned above, the Debtors do not have current valuations for estate assets, including the intangibles and intellectual property recorded in their books and records.

**Schedule A/B – Assets – All Other Assets**. On Schedule A/B, Item 71, the Debtors will need to analyze and reconcile their books and records to each of their respective subsidiaries and related entities to more accurately identify such counterparties. Pending the completion of that analysis, the net amounts due to the Debtors from those intercompany transactions are shown in total for all counterparties, which is how they are recorded in their books and records.

On Schedule A/B, Item 72, the Debtors are in the process of analyzing their existing tax attributes, including potential refunds and the ability to utilize net operating losses, if any, in the future. Pending the completion of that analysis, the current values of any such amounts are undetermined.

Known causes of action or potential causes of action against third parties are included in Schedule A/B, Item 74. The amounts included do not include all possible actions including, but not limited to, causes of action arising under the Bankruptcy Code or any other applicable laws (including, but not limited to, intellectual property laws).

**Schedule D – Creditors Who Have Claims Secured by Property**. The Debtors have included on Schedule D all claims they believe are secured. They have not included all parties that may believe their claims are secured through setoff rights, deposits posted by, or on behalf of, the Debtors, inchoate statutory lien rights, or real property lessors, utility companies or other parties that may hold security interests.

The descriptions of claims and collateral in Schedule D are provided in summary form only. Reference must be made to the applicable transaction documents to obtain a complete description of the claims secured by collateral and the collateral securing such claims.

**Schedule E/F – Creditors Who Have Unsecured Claims**.

**Part 1**. Certain creditors listed on Part 1 of Schedule E/F, particularly those listed as being owed for pre-petition payroll claims, may have already been paid some or all of the amounts owed to

24-01866-FPC11    Doc 149    Filed 11/22/24    Entered 11/22/24 19:47:27    Pg 6 of 18

them based on a court-approved emergency payroll motion [Dkt. #148]. The Debtors are in the process of analyzing all payroll amounts owed to their employees and former employees, including verifying that the Debtors were the actual employer as opposed to a non-debtor subsidiaries, related entities, and/or affiliates.

**Part 2**. Certain creditors listed on Part 2 of Schedule E/F may owe amounts to the Debtors; accordingly, the Debtors and their estates may have valid setoff and recoupment rights with respect to such amounts. Where able, the Debtors have reflected claims on Part 2 of Schedule E/F net of deposits, retainers, and prepayments.

**Schedule G – Executory Contracts and Unexpired Leases**. Omission of a contract, lease or other agreement from Schedule G does not constitute an admission that such omitted contract, lease or agreement is not an executory contract or unexpired lease. Likewise, the listing of an agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, or that such agreement was in effect or unexpired on the Petition Date or is valid or enforceable. The agreements listed on Schedule G may have expired, or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements that may not be listed on Schedule G.

## NOTES FOR STATEMENTS OF FINANCIAL AFFAIRS

**Statement 3**. Statement 3 includes known disbursements or other transfers made by the Debtors within 90 days prior to filing, except for payments on account of compensation paid to employees in the 90 days prior to the Petition Date. Because all other bank accounts are believed to have been closed or overdrawn approximately 90 days prior to the Petition Date, this information was obtained from that one bank account controlled by the Receiver, as referenced above.

**Statements 4 and 30**. Statement 4 includes all disbursements or other transfers to Insiders made by the Debtors within 1 year prior to filing. Because there were no such disbursements made pre-petition from the one bank account controlled by the Receiver, this information was obtained solely from that Debtors' books and records, which has not been currently maintained. The Debtors will continue to search for transactions which subsequently may need to be included on these Statements.

**Statement 8**. As set out above, prior to the Petition Dates, a Receiver was appointed for Debtors. Pursuant to the order appointing the Receiver, the Receiver was appointed as the general receiver with respect to the management and operations of Debtors and all of their assets wherever located, and with respect to all products and proceeds thereof, with authority to take exclusive possession and control of the assets.

**Statement 18**. All bank accounts in the name of the Debtors are believed to have been closed prior to the Petition Dates, with the exception of one account controlled by the Receiver. Accordingly, those bank accounts believed to have been closed prior to the Petition Dates are listed on Statement 18 with estimated account closure dates.

**Statement 26(d)**.  From time to time, the Debtors may have provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons.  Recipients may have included regulatory agencies, financial institutions, investment banks, vendors, landlords, debtholders and their legal and financial advisors.  The Debtors currently do not have the names of these parties. Additionally, due to the confidentiality requirements of related non-disclosure agreements, and the number of parties that have received such statements, such parties are not listed in response to this question.

**Statement 27**.  Due to employee layoffs and termination, the dates of when or if inventory counts were conducted are not known.

044904\00001\17798849v3

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Creative Technologies, LLC** |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF WASHINGTON |
| Case number (if known) | 24-01866-11 |

☐ Check if this is an amended filing

# Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy 04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1: Income

1. **Gross revenue from business**

   ☐ None.

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
   |---|---|---|
   | **From the beginning of the fiscal year to filing date:**<br>From **1/01/2024** to **Filing Date** | ■ Operating a business<br>☐ Other | $24,601.86 |
   | **For prior year:**<br>From **1/01/2023** to **12/31/2023** | ■ Operating a business<br>☐ Other | $88,136,602.00 |
   | **For year before that:**<br>From **1/01/2022** to **12/31/2022** | ■ Operating a business<br>☐ Other | $69,017,041.54 |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☐ None.

   | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
   |---|---|---|
   | **For year before that:**<br>From **1/01/2022** to **12/31/2022** | Other income | $494.00 |

### Part 2: List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

| Debtor | Creative Technologies, LLC | Case number (if known) 24-01866-11 |
|---|---|---|

☐ None.

| | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|---|
| 3.1. | D. Bugbee & Scalia, PLLC<br>155 NE 100th St., Ste. 205<br>Seattle, WA 98125 | 8/5/2024 | $10,000.00 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>■ Other **Retainer for special counsel** |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

■ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:** Legal Actions or Assignments

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | **Coldwater Vending, LLC; Rosewater Ventures, LLC; and Stillwater Ventures, LLC v. Creative Technolgies, LLC**<br>**24STCV01771** | Negligent breach of contract/warranty. | Los Angeles County Superior Court<br>4848 Civic Center Way<br>Los Angeles, CA 90022 | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.2. | **Pedro Alego-Guzman v. Creative Technologies, LLC**<br>**202357356** | Default judgment on personal injury. | Harris Co. Dist. Court (Texas)<br>49 San Jacinto St #303<br>Houston, TX 77002 | ■ Pending<br>☐ On appeal<br>☐ Concluded |

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.3. | 210 SA Holdings LLC, et al. v. Creative Technologies, LLC; Water Station Managment LLC; and Ryan Wear<br>2:24-cv-01164-TL | Contract dispute, fraud, civil conspiracy and violations of the Securities Act of Washington. | US District Court (Western Washington)<br>700 Stewart St.<br>Seattle, WA 98101 | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.4. | SL 21 Drink Up Holdings LLC v. Creative Technologies, LLC; Refreshing USA LLC; Ideal Property Investments; and Ryan Wear<br>CV2024-013462 | Breach of contract, breach of the covenant of good faith and fair dealing, common law fraud. | Maricopa County Superior Court (Arizona)<br>620 West Jackson St.<br>Phoenix, AZ 85003 | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.5. | 352 Capital GP LLC on behalf of 352 Capital ABS Master Fund LP; and Leucadia Asset Managment, LLC v. Creative Technologies, LLC; Refreshing USA, LLC; Water Station Management LLC; Ideal Property Investments; and Ryan Wear<br>24-cv-05102-VEC | Racketeering Act (RICO) | US District Court (Southern New York)<br>500 Pearl St<br>New York, NY 10007 | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.6. | Alkaline Water Holdings, LLC; H2O Station Holdings, LLC; and Keystone Water Holdings, LLC v. Creative Technologies, LLC; Refreshing USA, LLC; Water Station Management LLC; Ideal Property Investments; and Ryan Wear<br>2:24-cv-01890-GAM | Racketeering Act (RICO) | US District Court (Eastern Pennsylvania)<br>James A. Byrne U.S. Courthouse<br>601 Market Street<br>Philadelphia, PA 19106 | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.7. | Dennis Demirjian v. Creative Technologies, LLC; Refreshing USA, LLC; Water Station Management LLC; Ideal Property Investments; and Ryan Wear<br>24-2-02346 | Breach of contract | Snohomish Cty. Superior Court (Washingto<br>3000 Rockefeller Ave<br>Everett, WA 98201 | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.8. | Dynasty Capital v. Creative Technologies, LLC; Refreshing USA, LLC; Water Station Management LLC; Ideal Property Investments; and Ryan Wear<br>532988/2023 | Judgment for $590,260.59. Commericial - contract. | Kings Supreme Court (New York)<br>360 Adams St #4<br>Brooklyn, NY 11201 | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.9. | Founders Mosiac Partners; Tyler Sadek; and Water Station Holdings, LLC v. Creative Technologies, LLC; Refreshing USA, LLC; Water Station Management LLC; Ideal Property Investments; and Ryan Wear<br>29D04-2402-CC-001521 | Banking/finance/confession of judgment. | Hamilton Superior Court (Indiana)<br>1 Hamilton County Square Suite 345<br>Noblesville, IN 46060 | ■ Pending<br>☐ On appeal<br>☐ Concluded |

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.10 | **Mr. Advance LLC v. Creative Technologies, LLC; Refreshing USA, LLC; Water Station Management LLC; Ideal Property Investments; and Ryan Wear**<br>535217/2023 | **Default judgement - banking/finance/confession of judgment.** | **Kings Supreme Court (New York)**<br>360 Adams St #4<br>Brooklyn, NY 11201 | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.11 | **NTMK Corp v. Water Statement Managment LLC; Creative Technolgies, LLC; and Refreshing USA, LLC**<br>24-2-19064-3 | **Judgment for $3,167,500.** | **King County Superior Court (Washington)**<br>516 Third Avenue<br>Seattle, WA 98104 | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.12 | **NTMK Corp v. Water Statement Managment LLC; Creative Technolgies, LLC; and Refreshing USA, LLC**<br>24-2-05611-31 | **Judgment for $3,167,500.** | **Snohomish Cty. Superior Court (Washingto**<br>3000 Rockefeller Ave<br>Everett, WA 98201 | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.13 | **NTMK Corp v. Water Statement Managment LLC; Creative Technolgies, LLC; and Refreshing USA, LLC**<br>23-2-07941 | **Judgment for $3,167,500.** | **Snohomish Cty. Superior Court (Washingto**<br>3000 Rockefeller Ave<br>Everett, WA 98201 | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.14 | **Mottex Capital v. Refreshing USA, LLC; Creative Technologies, LLC; Water Station Management LLC; Ideal Property Investments; and Ryan Wear**<br>E2024009388 | **Breach of contract** | **Monroe Cty. Supreme Court (New York)**<br>99 Exchange Blvd # 545<br>Rochester, NY 14614 | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.15 | **First Fed Bank v. Creative Technologies, LLC**<br>24-2-10753-3 SEA | **Turning Point Strategic Advisors was appointed general receiver of all of Debtor's assets and tangible and intangible real and personal property pursuant to Order Granting Motion to Amend Appointing Order and for Other Relief.** | **King County Superior Court (Washington)**<br>516 Third Avenue<br>Seattle, WA 98104 | ■ Pending<br>☐ On appeal<br>☐ Concluded |

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

| Debtor | CREATIVE TECHNOLOGIES, LLC | Case number (if known) | 24-01866-11 |

☐ None

| Custodian's name and Address | Describe the property | Value |
|---|---|---|
| Eric Camm - Receiver<br>Turning Pointe, LLC<br>2003 Western Ave., Ste. 660<br>Seattle, WA 98121 | Turning Pointe, LLC (Turning Point Strategic Advisors) was appointed general receiver of all of Debtor's assets and tangible and intangible real and personal property pursuant to Order Granting Motion to Amend Appointing Order and for Other Relief. | Unknown |
| | **Case title**<br>First Fed Bank v. Creative Technologies<br>**Case number**<br>24-2-10753-3 SEA<br>**Date of order or assignment**<br>8/23/2024 | **Court name and address**<br>King County Superior Court (Washington)<br>516 Third Ave.<br>Seattle, WA 98104 |

### Part 4: Certain Gifts and Charitable Contributions

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

   ■ None

   | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
   |---|---|---|---|

### Part 5: Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

    ■ None

    | Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
    |---|---|---|---|

### Part 6: Certain Payments or Transfers

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

    ■ None.

    | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
    |---|---|---|---|

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

    ■ None.

    | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
    |---|---|---|---|

13. **Transfers not already listed on this statement**
    List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within

2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☒ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

### Part 7: Previous Locations

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☒ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

### Part 8: Health Care Bankruptcies

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☒ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

### Part 9: Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

☒ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

### Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☒ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

| Debtor | CREATIVE TECHNOLOGIES, LLC | Case number *(if known)* 24-01866-11 |

■ None

| Depository institution name and address | Names of anyone with access to it<br>Address | Description of the contents | Does debtor still have it? |

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |

**Part 11:** Property the Debtor Holds or Controls That the Debtor Does Not Own

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

**Part 12:** Details About Environment Information

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

    ■ No.
    ☐ Yes. Provide details below.

| Case title<br>Case number | Court or agency name and address | Nature of the case | Status of case |

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

    ■ No.
    ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

    ■ No.
    ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |

**Part 13:** Details About the Debtor's Business or Connections to Any Business

Official Form 207     Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy     page 7

| Debtor | Creative Technologies, LLC | Case number (if known) | 24-01866-11 |
|---|---|---|---|

### 25. Other businesses in which the debtor has or has had an interest
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| | Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|---|
| 25.1. | K-2 Manufacturing, LLC<br>2732 Grand Ave., Ste. 122<br>Everett, WA 98201 | Purchased by Debtor in 2021. | EIN: 87-3700294<br><br>From-To 2021 - present. |

### 26. Books, records, and financial statements
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| | Name and address | Date of service<br>From-To |
|---|---|---|
| 26a.1. | Jeremy Briggs<br>2732 Grand Ave., Ste. 122<br>Everett, WA 98201 | Controller. Inception - September 2024. |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| | Name and address | Date of service<br>From-To |
|---|---|---|
| 26b.1. | B F Borders CPA PC<br>5400 W. Cedar Ave.<br>Denver, CO 80226 | 1/1/2021 - 4/4/2023. |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| | Name and address | If any books of account and records are unavailable, explain why |
|---|---|---|
| 26c.1. | Ryan Wear<br>2732 Grand Ave., Ste. 122<br>Everett, WA 98201 | |
| 26c.2. | Eric Camm - Receiver<br>Turning Pointe Management<br>2003 Western Ave., Ste. 660<br>Seattle, WA 98121 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|---|

### 27. Inventories
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Eric Camm - Receiver | Turning Pointe Management<br>2003 Western Ave., Ste. 660<br>Seattle, WA 98121 | Receiver and current manager. Appointed per Court Order entered 8/23/2024. | |
| Richard Wear | 2732 Grand Ave., Ste. 122<br>Everett, WA 98201 | Member and former manager. | 10% |
| Ryan Wear | 2732 Grand Ave., Ste. 122<br>Everett, WA 98201 | Member and former manager. | 90% |
| Tyler C Sadek | c/o Mercho Strzynski<br>828 E. 64th Street<br>Indianapolis, IN 46220 | Other person in control of Debtor at time of filing of case. Alleged member (disputed). | |
| Jeremy Briggs | 2732 Grand Ave., Ste. 122<br>Everett, WA 98201 | Former controller | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No
■ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Ryan Wear | 2732 Grand Ave., Ste. 122<br>Everett, WA 98201 | Former manager. | Replaced by Eric Camm as Receiver and manager per Court Order entered 8/23/2024. |
| Richard Wear | 2732 Grand Ave., Ste. 122<br>Everett, WA 98201 | Former manager. | Replaced by Eric Camm as Receiver and manager per Court Order entered 8/23/2024. |

30. **Payments, distributions, or withdrawals credited or given to insiders**
    Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

| Debtor | Creative Technologies, LLC | Case number (if known) 24-01866-11 |
|---|---|---|

■ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

■ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

■ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|

### Part 14: Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __November 22, 2024__

__/s/ Brian Weiss__                    __Brian Weiss__
Signature of individual signing on behalf of the debtor        Printed name

Position or relationship to debtor    **Chief Restructuring Officer (Force Ten Partners, LLC)**

**Are additional pages to** *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* **(Official Form 207) attached?**
■ No
☐ Yes