IN THE UNITED STATED BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 24-33919 |
| **REFRESHING USA, LLC,** *et al.*, | § | |
| Debtors. | § | Jointly Administered |
| | § | CHAPTER 11 |

### ORDER TRANSFERRING VENUE PURSUANT TO 28 U.S.C. § 1412 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 1014(A)

On November 12, 2024, the Court conducted a hearing on Debtors' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1412 and Federal Rule of Bankruptcy Procedure 1014(a) ("Motion") (Dkt. No. 170). The Court admitted without objection three declarations in support of the Motion (Dkt. Nos. 179-1 (Eric Camm), 179-2 (Brian Weiss) and 179-3 (Joseph Fanelli)). The Court also heard the arguments of counsel in favor of the Motion and the objections thereto. At the conclusion of the hearing, the Court took the matter under advisement.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court may enter a final order consistent with Article III of the United States Constitution. The Court has also found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Venue would also be proper in the Eastern District of Washington since the Debtors are all incorporated or formed under Washington law.

After reviewing all the filings related to the Motion including the First Fed Bank's Objection to Debtors' Motion to Transfer Venue (Dkt. No. 182) and after due consideration of the evidence and the arguments of counsel, the Court will transfer these jointly administered cases to the Eastern District of Washington for the following reasons.

These cases have a complicated procedural history. The three Debtors were the subject of receivership proceedings in the State of Washington. On August 27, 2024, four days after the receiver was granted the authority to file bankruptcy petitions on behalf of the Debtors, involuntary chapter 11 cases were filed against the Debtors in the State of Texas. See, Dkt. No. 179-1, paras. 4-7. On September 5, 2024, the receiver, Turning Point Strategic Advisors, acting through Eric Camm, filed a bankruptcy petition for Ideal Property Investments LLC, Case No. 24-01421-FPC11, in the Eastern District of Washington ("Ideal"). Based on the evidence presented at the hearing, the Debtors and Ideal have significant relationships.

On September 23, 2024, Eric Camm was also declared the sole manager of the now lead Debtor (Dkt. No. 32). Orders for relief were entered in the three involuntary cases during the month of October 2024. On October 28, 2024, the three now jointly administered cases were transferred to this Court. On October 30, 2024, the Court conducted what it referred to as the "first-day

hearings" on three emergency motions. On November 6, 2024, the Debtors filed the instant Motion.

The parties agree on the standard to be applied in ruling on the Motion. Two of the factors which are often determinative of outcome, the presumption in favor of the home court and the debtor's original choice of forum, are not present here because these were involuntary cases (and, in any event, no petitioning creditor objected to the Motion). The remaining factors to be considered are (a) efficiency and economics of estate administration; (b) judicial economy and efficiency; and (c) the state's interest in having local controversies decided within its borders.

No compelling state's interest in having local controversies decided within its borders would impact the analysis under these facts. To the extent the Court were to consider the convenience of the parties, that also does not impact the analysis because both forums are equally convenient.

Considering the remaining factors, the efficiency of the estate administration and judicial economy, both these factors weigh in favor of transferring the cases. Mr. Camm is the receiver/manager for all the cases. He is charged with maximizing value for all the estates. The possibility of inconsistent decisions by courts in two states could hamper his ability to maximize value. The Texas and Washington debtors have tangled finances and inter-company relationships. Having one judge sort through these matters would increase judicial efficiency.

While there are arguments for keeping the cases in the different states, on balance the preponderance of the evidence favors transferring the cases to the Eastern District of Washington. Therefore,

IT IS ORDERED:

1. The above-captioned jointly administered cases are hereby transferred from this Court to the United States Bankruptcy Court for the Eastern District of Washington.

2. The clerk of this Court shall transmit to the clerk of the United States Bankruptcy Court for the Eastern District of Washington a certified copy of this order and all the pleadings filed with this Court relating to these cases.

3. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

    SIGNED 11/13/2024

*[signature]*
Alfredo R Pérez
United States Bankruptcy Judge